# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOE H. SCOTT, SR., Trustee and LORETTA A. SCOTT, Trustee, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:12-CV-150 CAS ) |
| BURAY ENERGY INTERNATIONAL, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to amend the complaint. Defendants Buray Energy International, LLC ("Buray"), 4 Square Gas, LLC ("4 Square Gas"), Donald J. Portell ("Portell"), and John Schofield ("Schofield") oppose the motion. For the following reasons, plaintiffs' motion to amend will be granted.

On January 27, 2012, defendants removed this action from the Circuit Court of the County of St. Louis, Missouri. Plaintiffs' complaint alleged two counts: breach of contract (Count I) and breach of guaranty (Count II). On April 24, 2012, the Court entered a case management order, setting the date for filing a motion for leave to amend the complaint for October 8, 2012. On August 30, 2012, the parties jointly moved to amend the case management order, which the Court granted. The deadline for filing a motion for leave to amend the complaint was reset for October 22, 2012.

On October 22, 2012, plaintiffs filed the instant motion for leave to amend the complaint. Plaintiffs seek to amend their complaint by asserting the following seven counts: breach of contract against defendants BuRay and 4 Square Gas (Count I); breach of guaranty against defendants Portell and Schofield (Count II); breach of contract against Buray (Count III); breach of fiduciary duty

against defendants Buray, Portell, and Schofield (Count IV); fraudulent inducement/rescission against Buray (Count V); declaratory judgment against Buray (Count VI), and a claim for an accounting against defendants Buray, Portell, and Schofield (Count VII).

Defendants oppose the motion for leave to amend the complaint. Defendants state the new claims, although involving the same parties and the same business deal, "are radically different from those alleged in the original Complaint and will infinitely complicate the trial of the case." (Defs.' Mem. at 4). Defendants state they will have to engage in different and complex discovery if the Court allows the amended complaint, and that the deadlines in the case management order will have to be extended.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Rule 15(a) provides in pertinent part:

> **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend

would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile.  See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

There is no suggestion that plaintiffs' motion for leave to amend was filed in bad faith or with dilatory motive.  Defendants do state, however, that the facts upon which the three new causes of action are based were known to plaintiffs at the time they filed this action nearly one year ago.  Defendants point to this one year delay as undue delay.  While the Court agrees that plaintiffs waited a considerable length of time before seeking to amend their original complaint, they did so within the time period allowed in the second amended case management order ("CMO") for filing a motion to amend the complaint.  Because they are within the time frame allowed in the Court's CMO, plaintiffs do not have to meet the more stringent standard of "good cause" set out in Federal Rule 16(b).  Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 947-48 (8th Cir. 2012).  Additionally, it would be difficult to find undue delay in their motion to amend when it was filed within the time frame agreed to by the parties and established by the CMO.

Nor does the Court find that defendants will suffer undue prejudice if plaintiffs are granted leave to amend their complaint.  Defendants state in their opposition to the amended complaint:

> Defendants will have to expend far greater amounts of money to defend this case than anticipated in the defense of the current claim and Defendants have been completely prejudiced in their investigation of these claimed liabilities and preparation of their defenses by Plaintiffs' concealment and unreasonable delay in filing these claims.  Defendants have lost and been substantially and permanently prejudiced in their ability to preserve the testimony of numerous witnesses, ability to direct discovery to Plaintiffs, and ability to seek documents, electronic files, information and even testimony from third parties who are not currently parties to this suit.

Defs.' Mem. at 5-6.

Defendants state their alleged prejudice in broad, general terms. They have offered no specific examples of the loss of testimony of witnesses, loss of direct discovery, and prejudice in investigation. Discovery is still ongoing, and the discovery cut off date is not until March 1, 2013. To the extent additional time is necessary, the Court will order the parties to file a joint proposed scheduling plan. After the Court receives the parties' joint proposed scheduling plan, it then may extend the deadlines of the case management order. Likewise, to the extent the delay causes the parties to amend their Rule 26(a)(1) disclosures or attend a second mediation, the Court may extend the deadlines for doing so.

Although defendants state that "[n]o reworking of the Case Management Order can compensate for this egregious effort to circumvent normal procedures, which is solely caused by the Plaintiffs failure to include these 'new' claims in their original complaint," defendants have pointed to no concrete prejudice in their defense of this action if the Court were to allow plaintiffs to amend the complaint. Moreover, plaintiffs are not "circumventing normal procedures"; they filed their motion to amend the complaint within the deadline jointly agreed to by the parties.

Finally, defendants do not suggest that plaintiffs' proposed amended complaint asserts clearly frivolous claims or defenses. Nor does the Court find the new claims alleged in the amended complaint to be clearly frivolous.

For the foregoing reasons, the Court will grant plaintiffs' motion for leave to amend the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to amend the complaint is **GRANTED**. [Doc. 39]  The Court notes, however, that plaintiffs' first amended complaint bears an exhibit

sticker.  The Court is unable to remove an exhibit label from a .pdf document.  Plaintiffs shall therefore refile the first amended petition without an exhibit sticker by January 1, 2013.

**IT IS FURTHER ORDERED** that the amended case management order issued on August 2, 2012, and amended by order dated September 5, 2012, is **vacated**.

**IT IS FURTHER ORDERED** that the Court will issue a separate Order Requiring Joint Proposed Scheduling Plan.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of December, 2012.