UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE H. SCOTT, SR., Trustee and LORETTA A. SCOTT, Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> BURAY ENERGY INTERNATIONAL, LLC, et al., <br><br> Defendants. | No. 4:12-CV-150 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On February 8, 2013, plaintiffs filed four documents titled as "Affirmative Avoidances to [Defendant's] Affirmative Defenses." An examination of the documents indicate that they are plaintiffs' replies to affirmative defenses asserted by defendants in their answers.

Rule 7(a) of the Federal Rules of Civil Procedure specifies the pleadings which are permitted to be filed in a federal civil case. The Rule states:

Pleadings. Only these pleadings are allowed:

    (1) a complaint;
    (2) an answer to a complaint;
    (3) an answer to a counterclaim designated as a counterclaim;
    (4) an answer to a crossclaim;
    (5) a third-party complaint;
    (6) an answer to a third-party complaint; and
    **(7) if the court orders one, a reply to an answer**.

Rule 7(a), Fed. R. Civ. P. (emphasis added).

"[A] reply is allowed only on a court order and in limited circumstances." 2 James Wm. Moore, et al., Moore's Federal Practice § 7.02[7][a] (3d ed. 2008). "A clear showing of necessity

or of extraordinary circumstances of a compelling nature will usually be required before the court will order a reply.  Even an allegation of new matter that goes beyond the allegations of the responsive pleading is not a sufficient ground for a reply." 2 Moore's Federal Practice § 7.02[7][b].

In this case, the defendants' answers did not contain a counterclaim and the Court did not order plaintiffs to file a reply to the answers or any affirmative defenses.  The replies filed by plaintiffs do not indicate a clear showing of necessity or of extraordinary circumstances of a compelling nature.  Plaintiffs' replies to defendants' affirmative defenses are therefore not properly filed under Rule 7(a), Fed. R. Civ. P., and will be stricken from the record.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' replies to the defendants' answers and affirmative defenses are **STRICKEN** from the record of this case.  [Docs. 64, 65, 66, and 67]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete from the record of this matter Documents 64, 65, 66, and 67.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of February, 2013.